# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 13, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CYNTHIA PITTMAN, | * | |
| | * | |
| Petitioner, | * | No. 17-611V |
| | * | Special Master Sanders |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

David J. Schexnaydre, Schexnaydre Law Firm, Mandeville, LA, for Petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On May 8, 2017, Cynthia Pittman ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") and Pneumovax vaccines she received on November 18, 2015, caused her to suffer bilateral arm and shoulder pain and a rash. *See* Stip. At 1, ECF No. 32. Petitioner further alleged that she experienced the residual effects of her injury for more than six months. *Id.* On August 30, 2018, the parties filed a stipulation for award of compensation, which the undersigned adopted as her Decision Awarding Damages on the same day. ECF No. 33.

On September 20, 2018, Petitioner filed an application for attorneys' fees and costs. ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

No. 37 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $18,418.91. Fees App Ex. 1 at 13. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. ECF No. 39, Ex. 1 at 2. Respondent reacted to the motion on September 21, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 38). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.   **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.   **Hourly Rates**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-

Petitioner requests a flat rate of $250.00 per hour for work performed by her attorney, Mr. Schexnaydre, from 2016-2018. Fees App. Ex. 1 at 13. Petitioner also requests that all work performed by Mr. Schexnaydre's paralegal, Ms. Jennifer LeBoeuf, be compensated at $100.00 per hour for work performed from 2016-2018. *Id.* Other special masters who have previously considered the proposed rates for Mr. Schexnaydre and his paralegals have found them to be reasonable. *See Chiasson v. Sec'y of Health & Human Servs.*, No. 16-25V, 2016 WL 7785617 (Fed. Cl. Spe. Mstr. Dec. 21, 2016); *Crefasi v. Sec'y of Health & Human Servs.*, No. 15-166V, 2015 WL 10739330 (Fed. Cl. Spec. Mstr. Dec. 15, 2015). Because Petitioner has not requested higher rates for 2018 than what Mr. Schexnaydre has been awarded for previous years, there is no doubt that the requested rates are reasonable. Accordingly, no adjustment to the requested rates is necessary.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The requested hours require some minor adjustments. Mr. Schexnaydre's billed time is largely reasonable, however he has billed three entries for "preparing exhibits," which presumably involves scanning paper documents such that they may be filed online. Fees App. Ex. 1 at 9-11 (entries on 10/27/17, 1/20/18, and 3/7/18). It is well established that work such as preparing exhibits for filing, calendaring events, and mailing documents is considered secretarial/clerical work and is not compensable in the Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). Because these entries also include a component of non-administrative work, such as drafting the notice of filing and filing the documents, the undersigned will reimburse each of these entries for 0.2 hours. This results in a total reduction of **$275.00**.[4]

The undersigned finds the remaining billing entries to be reasonable. The billing logs clearly reflect the nature of the task performed and a reasonable amount of time to perform that task. Respondent also has not identified any particular entries as objectionable. Accordingly, Petitioner is entitled to attorneys' fees in the amount of **$15,770.00**

---

2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] 0.4 hours + 0.8 hours + 0.5 hours = 1.7 hours billed. 1.7 hours billed − 0.6 hours compensated = 1.1 total hours reduced. 1.1 hours reduced * $250.00 = $275.00.

      **c. Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,373.91 in attorneys' costs for medical records and the Court's filing fee. Fees App. Ex. 1 at 12-13. These costs are typical of Vaccine Program litigation, and Petitioner has provided adequate documentation of the requested costs. Accordingly, the undersigned awards Petitioner the full amount of attorneys' costs sought, **$2,373.91**.

**II.    Conclusion**

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $16,045.00 |
|---|---|
| (Reduction to Attorney Hours) | - $275.00 |
| **Total Attorneys' Fees Awarded** | **$15,770.00** |
| | |
| Attorneys' Costs Requested | $2,373.91 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,373.91** |
| | |
| **Total Amount Awarded** | **$18,143.91** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $18,143.91 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. David Schexnaydre, of Schexnaydre Law Firm, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

      **IT IS SO ORDERED.**

                                                     s/Herbrina D. Sanders
                                                     Herbrina D. Sanders
                                                     Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).